IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JORDAN WOLFE,<br><br>           Defendant. | 8:22-CR-80<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 55) and moved for a downward departure or variance (filing 56).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report in two respects. Filing 55. First, he objects to some details of the presentence report's description of his interaction with law enforcement after the offense. Filing 55 at 1. So far as the Court can tell, those facts do not affect the advisory guidelines range—nonetheless, to the extent necessary, the Court will resolve these matters at sentencing.

Second, the defendant objects to the presentence report's recommendation that the defendant not receive a downward adjustment for acceptance of responsibility. Filing 55 at 1-2. He relies on his confession and guilty plea as evidence of his acceptance of responsibility. Filing 55.

U.S.S.G. § 3E1.1(a) provides for a two-level reduction if the defendant clearly demonstrates acceptance of responsibility for his offense. *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021). The reduction's purpose is to distinguish a sincerely remorseful defendant from a defendant not manifesting penitence. *Id*. A defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter

of right, and the burden is on a defendant to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016); *see United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016).

A defendant's guilty plea and truthful admission of the conduct comprising the offense of conviction constitute significant evidence in favor of the acceptance-of-responsibility reduction. *Cooper*, 998 F.3d at 810 (citing § 3E1.1 cmt. n.3). But that evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *Id.* The key issue is whether the defendant has shown a recognition and affirmative responsibility for the offense and sincere remorse. *Id.*

But one factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from criminal conduct. *Id.* at 811 (citing § 3E1.1 cmt. n.1(B)). Another is whether the defendant has obstructed justice—and, the Court notes, the defendant hasn't objected to the presentence report's recommendation of a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Only in an "extraordinary case" do adjustments under both §§ 3C1.1 and 3E1.1 apply. § 3E1.1, cmt. n.4.

Accordingly, the Court must consider the totality of the circumstances in determining whether this is an "extraordinary case" nonetheless warranting acceptance of responsibility, including the nature of the obstructive conduct and the degree of the defendant's acceptance of responsibility, whether he voluntarily terminated his obstructive conduct or was stopped by law enforcement, whether the obstruction was an isolated incident or an ongoing effort, and whether the defendant

admitted and recanted that conduct or denied obstruction of justice at sentencing. *See United States v. Hutterer,* 706 F.3d 921, 925-26 (8th Cir. 2013); *United States v. Rickert,* 685 F.3d 760, 768 (8th Cir. 2012).

The government contends that while this case has been pending, the defendant "[used drugs], failed to appear for court, and twice assaulted a witness in this case." If any part of that is true, it is fair to say that the defendant will have a difficult time demonstrating his acceptance of responsibility. But the Court will make a final determination on that issue at sentencing.

Next, the defendant argues that his criminal history is overstated within the meaning of U.S.S.G. § 4A1.3(b)(1). Filing 56 at 9-10. That's a basis for downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *Id.* The Court notes that the undersigned was also the sentencing judge for the defendant's only prior conviction—meaning that this Court is well-equipped to assess the defendant's criminal history much more specifically than the Guidelines usually permit. The Court will do so at sentencing.

Finally, the defendant moves for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 56 at 1-9. The Court will resolve that request at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of August, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge